**Bahram Akbari MAAFI, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71336.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2007 *.

Filed July 17, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Louis A. Gordon, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jacqueline Dryden Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Bahram Akbari Maafi, a native and citizen of Iran, petitions for review of the BIA's decision dismissing his appeal from an IJ's denial of his applications for asylum, withholding of removal, CAT relief, and voluntary departure. We have jurisdiction over the asylum, withholding of removal, and CAT relief claims under 8 U.S.C. § 1252. We lack jurisdiction to review the IJ's denial of Maafi's request

** This disposition is not appropriate for publication and is not precedent except as provid-

for voluntary departure. See 8 U.S.C. § 1229c(f). We grant the petition and remand to the BIA.

Maafi was born in Iran and raised as a Muslim but converted to Christianity after a friend introduced him to the religion. He fled Iran after seeing armed government agents surrounding a building where a Christian gathering that he was supposed to attend was taking place. A list identifying him as a Christian was at the Christian gathering and Maafi testified that the government agents likely seized the list. Soon after, he learned that his friend who had introduced him to Christianity had been arrested at that time and sentenced to death. The IJ did not make an explicit adverse credibility finding against Maafi, so we take his testimony to be true. See Kalubi v. Ashcroft, 364 F.3d 1134, 1137–38 (9th Cir.2004).

Maafi failed to demonstrate past persecution. However, he fears arrest and death based on the raid of his Iranian church, his friend's subsequent death sentence, and the likely seizure of a list identifying him as a Christian. This fear is not an irrational phobia but, rather, is corroborated by the Country Report's statement that "[a]postasy, specifically conversion from Islam, may be punishable by death." Thus, the evidence compels the conclusion that Maafi has an objectively reasonable, well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b); Ladha v. INS, 215 F.3d 889, 896–97 (9th Cir.2000) (as amended); INS v. Cardoza–Fonseca, 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (holding that even a ten percent chance of persecution may establish a well-founded fear).

The IJ found that because Maafi failed to prove his eligibility for asylum, he could

ed by 9th Cir. R. 36–3.

**410**

not meet the higher standard necessary to prove that he is entitled to withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001). The IJ also incorporated this reasoning into his denial of CAT relief. *See Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005). We remand the issue of withholding and CAT relief so that the IJ may apply the law to the facts in the first instance. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1123 (9th Cir.2004) (as amended).

Because Maafi is statutorily eligible for asylum, the petition for review is GRANTED and REMANDED.

---

* This disposition is not appropriate for publication and is not precedent except as provided